IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL DON BILLUPS

NO.  5:19-CR-133-H

## PLEA AGREEMENT

Michael Don Billups, the defendant, David Sloan, the defendant's attorney, and the United States of America (the government) agree as follows:

1.    **Rights of the defendant**:  The defendant understands that the defendant has the rights:

      a.    to plead not guilty;

      b.    to have a trial by jury;

      c.    to have the defendant's guilt proven beyond a reasonable doubt;

      d.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

      e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:  The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 2423(a), that is, Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity.  The defendant understands the nature and

elements of the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.   **Sentence**:  The minimum and maximum penalties the Court can impose include:

  a.   imprisonment for a period of not less than 10 years and up to life;

  b.   a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victims;

  c.   a term of supervised release of not less than five years nor more than life, which is mandatory under the law and will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

  d.   a mandatory special assessment of $100.  Further, upon conviction, if the Court finds the defendant is not indigent, an additional mandatory special assessment of $5,000 must be imposed pursuant to 18 U.S.C. § 3014;

  e.   restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

  f.   costs of incarceration and supervision; and

  g.   forfeiture of property.

4.   **Immigration consequences**:  The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of

crimes are removable offenses.  The defendant understands this may include the offense

to which the defendant is pleading guilty, and for purposes of this plea agreement, the

defendant assumes the offense is a removable offense.  Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant

understands that no one, including the defendant's attorney or the district court, can

predict to a certainty the effect of the defendant's conviction on the defendant's

immigration status.  The defendant nevertheless affirms that the defendant wants to plead

guilty regardless of any immigration consequences that the defendant's plea of guilty

may entail, even if the consequence is the defendant's automatic removal from the United

States.

     5. **Court's sentencing discretion and role of the Guidelines**:  The defendant

understands that the sentence in this case will be imposed by the Court after consideration

of the United States Sentencing Guidelines.  The guidelines are not binding on the Court,

but are advisory only.   The defendant has reviewed the guidelines with the defendant's

attorney, but understands no one can predict with certainty the outcome of the Court's

consideration of the guidelines in this case.  The defendant will not be allowed to

withdraw the defendant's plea if the defendant's sentence is higher than expected.  The

defendant fully understands that the actual sentence imposed (so long as it is within the

statutory maximum) is solely in the discretion of the Court.

     6. **Mandatory special assessment**:  The defendant agrees to pay to the U.S.

District Clerk the amount of $100 in satisfaction of the mandatory special assessment in

this case.  Further, upon conviction, if the Court finds the defendant is not indigent, an

additional mandatory special assessment of $5,000 must be imposed pursuant to 18 U.S.C. § 3014.

7.     **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8.     **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.

The government will dismiss, after sentencing, any remaining charges in the pending Indictment.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

9.    **Violation of agreement**:  The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

10.    **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.    **Representation of counsel**:  The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.  The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this

agreement, and the alternatives available to the defendant other than entering into this agreement.  Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.    **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.  This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this _6_ day of _JANUARY_, 20 _20_ .

ERIN NEALY COX
UNITED STATES ATTORNEY

SEAN M. LONG
Assistant United States Attorney
Texas State Bar No. 24056734
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7323
Facsimile:   806-472-7394
E-mail:       sean.long@usdoj.gov

JEFFREY R. HAAG
West Texas Branch Chief

    I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

MICHAEL DON BILLUPS                              Date  ~~06 06 2020~~ 1/6/2020
Defendant

    I am the defendant's attorney.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

DAVID SLOAN                                       Date  1/6/2020
Attorney for Defendant

**Michael Don Billups**
**Plea Agreement—Page 7**

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions:  where I reside; where I am an employee; and where I am a student.  I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information.  I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status.  I further understand that I am required to provide information relating to my intended travel outside the United States.  I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

_____        _____
MICHAEL DON BILLUPS                       Date
Defendant

_____        _____
DAVID SLOAN                               Date
Attorney for Defendant

**Michael Don Billups**
**Plea Agreement—Page 8**